UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

Case No. 05-80021
Hon:  AVERN COHN

DAMON SHEFFIELD,

    Defendant.
_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANT'S MOTION TO SUPPRESS

I.

This is a criminal case.  Defendant Damon Sheffield is charged with being a felon in possession of a firearm, in violation of 18 U.S.C.§ 922(g)(1).

Before the Court is defendant's motion to suppress the evidence of a firearm taken from defendant by a City of Detroit police officer at the time of his arrest on November 26, 2004.  Defendant argues that investigatory stop and warrantless arrest of defendant was unconstitutional since the police officer did not have any reason to believe defendant had committed a crime.  In addition to the motion papers, the Court conducted an evidentiary hearing, following which the parties filed supplemental papers.  The matter is now ready for decision.  For the reasons that follow, the motion is DENIED.

II.

On November 26, 2004, Detroit Police Officer Eugene Schaden and Patrick Tomsic while on routine patrol received a dispatch call "person with weapon."  The call directed the

officers to 14603 Stoepel in the City of Detroit, and included a description of the "person" as a black male, approximately 32 years old, wearing a black jacket and blue jeans, and having a moustache and beard.

As the officers approached the Stoepel location, they observed a person who they identified as defendant, who they believed fit the description in the dispatcher's call, by the side of the curb who when he saw the police car walked across the street and got into his vehicle. The officers pulled up behind the vehicle and activated the overhead lights. Schaden then approached the vehicle which defendant had been seen entering, and asked him to step out. Schaden asked defendant if he had any weapons on him. Defendant answered "no." Schaden patted defendant down and felt a bulge which turned out to be a loaded blue steel automatic weapon in defendant's waistband. This is the weapon which is the subject matter of the indictment and which defendant has moved to suppress.

III.

The law is clear. A police officer may conduct a pat down search for weapons of an individual if, under the totality of the circumstances, the police officer has reasonable suspicion to believe the individual is armed and dangerous. See Terry v. Ohio, 392 U.S. 1, 22-24 (1968). If a weapon is discovered, probable cause to arrest exists. See id. at 30-31. See also Adams v. Williams, 407 U.S. 143-148-49 (1972).

Defendant's argument that the police officers had no basis for asking defendant to step out of the vehicle he had just entered and inquire if he had a weapon, then conducting a pat down is rejected. Under the totality of the circumstances described above, the police officers had a sufficient basis for conducting a pat down search, *i.e.,* reasonable suspicion to investigate defendant. Once discovering the weapon, the police officers had probable

cause to arrest defendant.

No useful purpose will be served by a discussion of the plethora of cases cited by defendant and by the government against and in favor of their respective positions. Suffice to say, none of the cases cited offer a basis for granting defendant's motion.

SO ORDERED.


Dated: June 29, 2005

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 29, 2005, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160


S:\OPINIONS\June 2005\Sheffield.Suppress.wpd